# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH JACKSON, III, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:11-CV-779 NAB |
| STATE OF MISSOURI, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Joseph Jackson, III (registration no. 1106983), an inmate at South Central Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $15.15. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $75.76, and an average monthly balance of $11.66. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $15.15, which is 20 percent of plaintiff's average monthly deposit.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 and he seeks a declaratory judgment pursuant to 28 U.S.C. § 2201. Named as defendants are the State of Missouri, the Missouri Senate

and House of Representatives, and J. Marty Robinson, the director of the Missouri State Public Defender System.

Plaintiff alleges that the Missouri State Public Defender System is underfunded and that there are not enough public defenders to adequately represent the number of indigent criminal defendants currently being prosecuted in the State of Missouri. Plaintiff believes this creates a conflict of interest between public defenders and their clients, because the public defenders therefore cannot be properly motivated to diligently pursue their clients' interests. Petitioner seeks a declaration that he is entitled to "conflict free counsel" under Missouri law, a copy of a report prepared by the State regarding funding of the public defender system, and "all information and any request for funding under [Mo. Rev. Stat. §] 600.042.1(5)."

**Discussion**

> Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto. The case or controversy requirement of Article III applies with equal force to actions for declaratory judgment as it does to actions seeking traditional coercive relief. The test to determine whether there is an actual controversy within the meaning of the Declaratory Judgment Act is whether there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.
>
> Because the test to determine the existence of a "substantial controversy" is imprecise, the decision of whether such controversy exists is made upon the facts on a case by case basis.

Marine Equip. Mgmt. Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993) (citations and quotations omitted).

This case is not set in adversarial terms. Plaintiff does not seek a ruling that he or a particular person has been deprived of his or her Sixth Amendment right to counsel. Plaintiff seeks a vague ruling that there exists a right to "conflict free counsel." This ruling would not be directed

3

towards any particular instance of ineffective assistance of counsel. The ruling plaintiff seeks, therefore, is hypothetical in nature. As a result, the case and controversy requirement is not satisfied, and plaintiff is not entitled to a declaratory judgment in his favor.

Moreover, none of the defendants are liable under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); ("neither a State nor its officials acting in their official capacity are 'persons' under § 1983."); Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $15.15 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of May, 2011.